NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 3 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

In re: WELSCORP, INC.,

               Debtor,

------------------------------

WILLIAM CASTALDI; KARIN CASTALDI,

               Appellants,

  v.

LENARD E. SCHWARTZER, in his capacity as Chapter 7 Trustee,

               Appellee.

No.   23-60044

BAP No. 23-1031

MEMORANDUM[*]

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Brand, Gan, and Corbit, Bankruptcy Judges, Presiding

Submitted March 3, 2025[**]
San Francisco, California

Before: FRIEDLAND, BENNETT, and BADE, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Defendants-Appellants William and Karin Castaldi appeal a decision of the Bankruptcy Appellate Panel for the Ninth Circuit ("BAP") affirming the United States Bankruptcy Court for the District of Nevada's grant of summary judgment in favor of Plaintiff-Appellee Lenard Schwartzer ("Trustee"), in his capacity as chapter 7 trustee for various Debtors.[1]  Trustee brought claims for actual fraudulent transfers against the Castaldis.  We "review de novo decisions of the BAP" and "also review de novo the bankruptcy court's grant of summary judgment." *Lovering Tubbs Tr. v. Hoffman (In re O'Gorman)*, 115 F.4th 1047, 1054 (9th Cir. 2024).  We have jurisdiction pursuant to 28 U.S.C. §§ 158(d) and 1291, and we affirm.

1.    We begin with the Castaldis' argument that the bankruptcy court erred in finding that "the claim . . . that there was a Ponzi scheme was undisputed."[2]  The bankruptcy court correctly noted that "[t]he undisputed facts" in the record show that Debtors' operations, spearheaded by John F. Thomas, III and Thomas Becker, captured "the essence of a Ponzi scheme."  The bankruptcy court considered the

---

[1] "Debtors include several entities and their principals: Welscorp Inc.; Einstein Sports Advisory Ltd.; QSA LLC; Wellington Sports Club LLC; Vegas Basketball Club LLC; Vegas Football Club LLC; Boston Biometrics LLC; Sports Psychometrics LLC; ESA Ltd.; No-More-Bad-Hires, Inc.; John F. Thomas, III; and Thomas Becker."

[2] We have found "the mere existence of a Ponzi scheme sufficient to establish the actual intent to hinder, delay, or defraud creditors" for a fraudulent transfer.  *Santa Barbara Cap. Mgmt. v. Neilson (In re Slatkin)*, 525 F.3d 805, 814 (9th Cir. 2008).

affidavit of Marc B. Ross, the managing director of a firm that provides "crisis management and turnaround services to distressed clients." Ross's affidavit states that Debtors "were engaged in a Ponzi scheme that defrauded their investors out of millions of dollars and allowed them to fund lavish lifestyles," that "**at most** . . . approximately 20%" of "funds provided by the investors" were "used to make legitimate sports bets," and that "[t]he vast majority of funds provided back to investors as 'winnings' w[ere] actually funded by contributions received from other investors (i.e. by Ponzi payments)." The bankruptcy court also reviewed the declaration of Deborah Russell, a staff accountant in the Division of Enforcement of the SEC. Russell's declaration stated that, per her analysis, Debtors collected nearly $32 million from investors, spent only approximately $4.5 million on "betting activities on behalf of investors," and made at least $11.6 million "in Ponzi-type payments." We agree with the BAP that "Trustee's evidence demonstrated the existence of a Ponzi scheme, and the Castaldis failed to produce any specific evidence, through affidavits or admissible discovery materials, that created a genuine issue of material fact as to that issue."

The Castaldis opening brief does not meaningfully cite record evidence. At most, it indirectly cites two declarations by Thomas that explain the betting strategies he employed on two different days. The Castaldis argue that there would be no paper trail supporting their betting activity because the winning tickets were

3

used to place more bets, but this argument is directly contradicted by Russell and Ross's declarations and unsupported by any evidence. Thomas's declarations do not create a dispute of material fact regarding whether Debtors were operating a Ponzi scheme. The Castaldis' related argument that Ross and Russell did not audit cashless tickets that Thomas and Becker used to facilitate quicker bets is unsupported.

The Castaldis also argue that "[t]he SEC has refused to make Deborah Russell . . . available for deposition and have also refused to provide any documents supporting the allegation of a Ponzi scheme." The Castaldis made this argument to the BAP, which found it "not well-taken" because "[t]he Castaldis never made a request to the SEC that Russell be made available for deposition or that the SEC turn over documents supporting Russell's opinion."[3] The Castaldis' opening brief does not address this conclusion.

Additionally, the Castaldis argue that "the [b]ankruptcy [c]ourt erred in finding that the [d]eclaration of John Frank Thomas III was invalid or not credible when the same [c]ourt found in a similar case—Lenard Schwartzer vs Andrea C. Thomas (21-01171) [*sic*]—that a [d]eclaration by John Frank Thomas III was valid

---

[3] The Castaldis' opening brief cites a "*Motion to Compel Deposition from the SEC and to Produce Documents*," but this motion was filed by a different defendant in a different adversary proceeding. The Castaldis do not explain how this motion is relevant to their case.

4

and credible." But the bankruptcy court's decision includes no finding that Thomas's declaration was not credible. The BAP accordingly construed the Castaldis' argument as a challenge to the bankruptcy court's determination that "Thomas's declaration failed to raise a genuine issue of material fact." The BAP correctly rejected this argument because nothing in the Thomas declaration suggests that Debtors were not operating a Ponzi scheme.

2. The Castaldis argue that "there was no res judicata" that applied to the default judgment secured in the SEC's initial case against Debtors. This could not be a basis for reversal because the bankruptcy court did not apply res judicata in its analysis. It merely stated that, as part of its thorough review of the record, it reviewed the requests for default that Trustee had entered against the Castaldis. Trustee's answering brief agrees that res judicata "does not apply to the case."[4]

3. The Castaldis argue that the bankruptcy court "erred in finding [they] were a Net Winner." In the context of a Ponzi scheme, net winners are "investors who were paid more than they invested in the Ponzi scheme." *Winkler v. McCloskey*, 83 F.4th 720, 723, 727 (9th Cir. 2023) (explaining that net winner

---

[4] Res judicata, also known as claim preclusion, "bars a party in successive litigation from pursuing claims that were raised or could have been raised in a prior action." *Save the Bull Trout v. Williams*, 51 F.4th 1101, 1107 (9th Cir. 2022) (internal quotation marks omitted) (quoting *Media Rts. Techs., Inc. v. Microsoft Corp.*, 922 F.3d 1014, 1020 (9th Cir. 2019)). Trustee acknowledges that the Castaldis "are not precluded from arguing that the Debtors did not run a Ponzi scheme.

investors receive fraudulent transfers from the Ponzi scheme operator). This also could not be a basis for reversal because the bankruptcy court made no such finding. The BAP correctly concluded that the concept of a net winner does not apply to the Castaldis because they were not investors in the Ponzi scheme.

4. Lastly, the Castaldis suggest that our court should determine whether to report Trustee and his lawyers to the Bar for "lying to the Bankruptcy Court, running a sham, and shaking down Defendants when they knew they had no evidence of a Ponzi scheme and could not win at trial." The Castaldis present this issue in a heading with no accompanying argument. Because this issue is not "specifically and distinctly argued," we decline to consider it. *Christian Legal Soc'y Chapter of Univ. of Cal. v. Wu*, 626 F.3d 483, 487 (9th Cir. 2010) (quoting *Miller v. Fairchild Indust., Inc.*, 797 F.2d 727, 738 (9th Cir. 1986)).

**AFFIRMED.**